*293
 
 Williams, J.
 

 Whether the allowance of defendant’s motion for inspection and permission to take copies of defendant’s confessions was a final order from which the prosecuting attorney could appeal is squarely presented.
 

 Although the record does not show that the question of jurisdiction was raised in the Court of Appeals, still if that court had no jurisdiction on appeal to hear and determine the cause on its merits this court likewise has none. There would be no waiver in such instance.
 

 The jurisdiction of the Court of Appeals is fixed by Section 6, Article IY of the state Constitution, and can not be increased, diminished or altered by statutory provision or through construction by the courts. The court, however, is required to interpret the meaning of the word “judgments” as used in the Constitution. By the terms of that constitutional provision the Court of Appeals (in addition to original jurisdiction in specified extraordinary legal remedies and appellate jurisdiction in the trial of chancery cases) has jurisdictional power to review, affirm, modify or reverse the judgments of the Courts of Common Pleas, Superior Courts and other courts of record within the appellate district as may be provided by law. It follows that judgments of the Courts of Common Pleas in criminal cases may be reviewed by the Court of Appeals with the sole exception that no appeal can be prosecuted from a judgment of acquittal where the defendant has been in jeopardy.
 

 In the leading case of
 
 Hoffman
 
 v.
 
 Knollman, ante,
 
 170, appears this apt language: “Though this court has interpreted the term ‘judgments’ so as to include ‘final orders,’ it has limited its application to acts or decrees of the court which give final effect to the central purpose or some independent branch of the litigation-, finality being the touchstone in the determination pf that quality.”
 

 
 *294
 
 In the instant case the order to the prosecuting attorney to permit defendant’s counsel to inspect and make copies of the alleged confession was a purely interlocutory order and lacked finality. The prosecuting attorney urges that if there is no right of appeal the state is remediless. The contention is of no avail since the character of the order is not changed merely because there may be no alternative. The state’s relation to the order made is the same as to any other order interlocutory in character; appeal therefrom does not lie.
 

 For the reason that there was no judgment or final order in the Court of Common Pleas, the judgment of the Court of Appeals is reversed and the cause remanded to that court with instructions to dismiss the appeal and for further proceedings according to law.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Day, Zimmerman, Myers, Matthias and Hart, JJ., concur.