THE STATE OF OHIO, APPELLEE, v. LAMBERT, APPELLANT.

[Cite as State v. Lambert (1994), 69 Ohio St.3d 356.]

(No. 93–934—Submitted April 6, 1994—Decided May 25, 1994.)

*Lee I. Fisher,* Attorney General, and *Brad L. Tammaro,* Assistant Attorney General, Environmental Enforcement Section; *Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, for appellee.

*Bieser, Greer & Landis, David C. Greer* and *Sharon L. Ovington; Arter & Hadden* and *John P. Gartland,* for appellant.

---

The judgment of the court of appeals is vacated and the appeal is dismissed for want of a final appealable order. The cause is remanded to the trial court for reinstatement of its order.

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

PFEIFER, J., concurring. I regret that by finding no final appealable order in this case we have missed an opportunity to improve Ohio's criminal discovery rules. Montgomery County Common Pleas Court Loc.R. 3.03(I)(D)(2)(d) is a well thought-out, effective rule which does not conflict with Crim.R. 16. Loc.R. 3.03(I)(D)(2)(d) provides that upon defense counsel's demand, a criminal defen-

dant shall be provided with an "information packet" which contains all police reports, witness statements, defendant's statements, and laboratory reports, and the names and addresses of all witnesses. Loc.R. 3.03(1)(D)(2)(d) has many beneficial aspects and no apparent downside. It prevents meaningless, resource-wasting "hide the thimble" games by the state in criminal matters. I recommend the statewide adoption of Loc.R. 3.03(I)(D)(2)(d).