KELLY et al., Appellees,

v.

DALY, Appellee; Duffy, Appellant.

[Cite as *Kelly v. Daly* (1995), 99 Ohio App.3d 670.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 14886.

Decided Jan. 6, 1995.

------

*Robert B. Newman,* for appellees John Kelly et al.

*John W. Slagle,* for appellee Michael Daly.

*James F. Brockman,* for appellant Dr. James P. Duffy.

---

*Per Curiam.*

On November 14, 1994, appellant Dr. James P. Duffy filed this appeal challenging the trial court's decision refusing to quash a subpoena or issue a protective order and compelling him to produce certain records. Appellant is a nonparty to the underlying action but conducted an independent medical examination of appellee Michael Daly. According to appellant, the discovery request encompassed records concerning (1) independent medical examinations including those of persons unrelated to the underlying action, and (2) financial data concerning those independent medical examinations. Appearing to us that appellant was challenging a nonfinal order, on December 21, 1994, we issued an order requiring him to show cause why this appeal should not be dismissed for lack of jurisdiction. The matter is now before this court on appellant's response. For the following reasons, we conclude that appellant has filed a notice of appeal from an order that is not a final order under R.C. 2505.02 as that provision is now construed in light of *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213. Accordingly, we must dismiss this appeal.

The Ohio Constitution limits the appellate jurisdiction of the courts of appeals to reviewing only judgments and final orders. Section 2, Article IV, Ohio Constitution. R.C. 2505.02 defines a "final order" as (1) an order that affects a substantial right and in effect determines the action, (2) an order that affects a substantial right and is entered in a special proceeding or upon summary application after final judgment, or (3) an order that vacates or sets aside a judgment or grants a new trial. The trial court's order neither determined the action nor vacated a judgment or granted a new trial. Thus, our analysis of the jurisdictional question is confined to determining whether the trial court's order meets the second definition of "final order"; that is, did the order affect a substantial right and was it entered in a special proceeding?

■ In his response to the show cause order, appellant argues that the trial court's decision compelling him to produce medical and financial records in violation of the physician/patient privilege is a final order because it affects a substantial right the infringement of which is recognized as appealable under Ohio law. Appellant supports his position by citing several decisions of the Supreme Court of Ohio, including *State v. Port Clinton Fisheries, Inc.* (1984), 12 Ohio St.3d 114, 12 OBR 157, 465 N.E.2d 865, *Russell v. Mercy Hosp.* (1984), 15

Ohio St.3d 37, 15 OBR 136, 472 N.E.2d 695, and *Humphry v. Riverside Methodist Hosp.* (1986), 22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877. Appellant argues that in each of these decisions, the Supreme Court recognized that orders requiring the disclosure of privileged information—the identity of a confidential informant in *Port Clinton Fisheries, Inc.,* and privileged medical records in *Russell* and *Humphry*—were appealable orders because they affected a substantial right in a special proceeding.

There is no question but that the trial court's decision affects a substantial right. By requiring appellant to produce potentially privileged medical and financial records involving numerous patients, the trial court places appellant in the position of breaching the physician/patient privilege. Clearly, the impact on the substantive privacy rights of both the litigants and nonlitigants cannot easily be remedied once appellant produces the requested records. See *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, 183 ("An order which affects a substantial right has been perceived as one which, if not immediately appealable, would foreclosure appropriate relief in the future."). Nevertheless, under the applicable section of R.C. 2505.02, it is not enough for an order to affect a substantial right; it must also be an order that is entered in a special proceeding. On this point, appellant fails.

This appeal again confronts us with the question of what are final orders in the aftermath of *Polikoff v. Adam, supra.* In that decision, the Supreme Court of Ohio jettisoned the "*Amato* balancing test" (*Amato v. Gen. Motors, Corp.* [1981], 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452) in favor of a narrower definition of "special proceedings." The *Polikoff* decision restricted the definition of "special proceedings" to those not known at common law or in equity but that were created specially by statute. *Polikoff, supra,* at 100, 616 N.E.2d at 213. Thus, interlocutory orders in common-law or equity actions are not final orders regardless of their impact on the substantial rights of the parties. Such orders may only be appealed after final judgment.

Relying on *Polikoff,* we have, with great reluctance, held that interlocutory discovery orders entered in common-law or equity actions and which compel the disclosure of privileged information *are not* final orders. See *Cotterman v. Lowe* (Jan. 24, 1994), Miami App. No. 93–CA–48, unreported (interlocutory order entered in common-law action for medical malpractice is not appealable); *Uschold v. Community Blood Ctr.* (1994), 98 Ohio App.3d 1, 647 N.E.2d 816 (interlocutory order requiring defendant to disclose the identity of nonparty blood donor is not appealable); *Cramer v. Greene Cty. Bd. of Edn.* (Aug. 12, 1994), Greene App. No. 94 CA 69, unreported, 1994 WL 447676 (interlocutory order compelling defendant to disclose identities of minors who may have been molested notwithstanding the assertion of his Fifth Amendment right against self-incrimination is not appeal-

able). While these orders undeniably affected a substantial right, they were not orders entered in a special proceeding.

 Our position on the finality of interlocutory discovery orders is similar to that taken by the Supreme Court in its recent decision in *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83. In that decision, the Supreme Court held that interlocutory discovery orders are not appealable under R.C. 2505.02. In so holding, the Supreme Court explicitly overruled *State v. Port Clinton Fisheries, Inc.,* and *Humphry v. Riverside Methodist Hosp., supra. State ex rel. Steckman v. Jackson, supra,* at 438, 639 N.E.2d at 96. Therefore, interlocutory discovery orders entered in common-law or equity actions, even those requiring a nonlitigant to produce privileged information, are not immediately appealable notwithstanding their impact on the substantial rights of the parties and nonparties. Such orders may only be appealable after final judgment.

In this case, appellant has clearly appealed an interlocutory discovery order arising out of a common-law action. Under the rule of *State ex rel. Steckman v. Jackson, supra,* the order is not a final appealable order. We are, therefore, without jurisdiction to review the order at this time. We order the case bearing number 14886 dismissed.

*So ordered.*

BROGAN, FAIN and FREDERICK N. YOUNG, JJ., concur.