[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 118.]

WALTERS ET AL., APPELLANTS, *v.* THE ENRICHMENT CENTER OF WISHING WELL, INC. ET AL., APPELLEES.

[Cite as *Walters v. The Enrichment Ctr. of Wishing Well, Inc.*, 1997-Ohio-232.]

*Civil procedure—Denial of an asserted statutory privilege of confidentiality is not a special proceeding for purposes of R.C. 2505.02, but is an interlocutory discovery order and is neither final nor appealable.*

The denial of an asserted statutory privilege of confidentiality is not a special proceeding for purposes of R.C. 2505.02, but is an interlocutory discovery order and is neither final nor appealable. (*Polikoff v. Adam* [1993], 67 Ohio St.3d 100, 616 N.E.2d 213, syllabus, and *State ex rel. Steckman v. Jackson* [1994], 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph seven of the syllabus, applied and followed.)

————————————

(No. 96-1429—Submitted January 8, 1997—Decided April 2, 1997.)

CERTIFIED by the Court of Appeals for Cuyahoga County, No. 69159.

————————————

{¶ 1} This case commenced when plaintiffs-appellants, Robert L. Walters, Jr.,and Dawn A. Walters, filed a complaint in Cuyahoga County Common Pleas Court alleging, *inter alia*, that defendants-appellees, The Enrichment Center of Wishing Well, Inc. (a day-care center) and its owner/director, Janice A. Carlisle, had made a bad faith report of child abuse, involving the suspected abuse by Robert L. Walters, Jr. of the couple's minor son. Appellants asserted in their complaint that on August 19, 1994, Carlisle and perhaps others filed a report of suspected child abuse with the Medina County Department of Human Services, Social Services Section. Appellants claimed appellees filed the child-abuse report in retaliation for appellants' act of filing a complaint with the North Royalton Police

Department accusing the day-care center of leaving the children in its care unattended. Appellants asserted that, after an investigation, the Department of Human Services found the filed report of suspected child abuse to be unsubstantiated. In their complaint, appellants sought compensatory and punitive damages.

{¶ 2} Appellants served appellees with discovery requests, including requests seeking documents. Appellees moved for a protective order as to some of the documents, citing several reasons why the various documents should not be discoverable. Specifically relevant to our consideration are the following two of appellants' requests:

"[4.] Copies of any correspondence between The Enrichment Center and any social service agency or other investigatory agency, including police departments, which pertain to any allegation of abuse by plaintiff Robert L. Walters, Jr.

"[5.] Copies of any document which pertains to any allegation of abuse by plaintiff Robert L. Walters, Jr."

{¶ 3} Appellees argued that these two requests pertained to reports of child abuse made pursuant to R.C. 2151.421, and that the statute makes the contents of any documents confidential and not subject to discovery. The trial court conducted an *in camera* review of some of the requested documents, and granted the motion for protective order in part and denied it in part. In particular, the trial court denied the motion for protective order as to the documents covered by appellants' requests four and five, and ordered appellees to produce those documents.

{¶ 4} Appellees appealed the trial court's denial of their motion for protective order as to requests four and five to the Court of Appeals for Cuyahoga County. Appellants moved to dismiss the appeal, arguing that it was interlocutory and was not taken from a final appealable order. The court of appeals determined that the trial court's order was a final appealable order and therefore determined

2

that it had jurisdiction to review the appeal on the merits. The court of appeals determined further that the trial court should have granted the motion for protective order as to document requests four and five, and reversed the ruling of the trial court.

**{¶ 5}** Appellants moved the court of appeals to certify a conflict to this court on the issue of whether the order appealed from was a final appealable order, urging that the judgment of the court of appeals on that issue was in conflict with the judgment of the Court of Appeals for Franklin County in *Turner v. Romans* (June 30, 1995), Franklin App. No. 95APE05-528, unreported, and the judgment of the Court of Appeals for Montgomery County in *Kelly v. Daly* (1995), 99 Ohio App.3d 670, 651 N.E.2d 513.

**{¶ 6}** The court of appeals granted appellants' motion to certify a conflict on the issue of the appealability of the trial court order. This cause is now before this court upon our determination that a conflict exists.[1]

*Barbara Quinn Smith*, for appellants.

*Gallagher, Sharp, Fulton & Norman, Thomas E. Dover* and *Donald M. Desseyn; Ulmer & Berne* and *Craig A. Marvinney*, for appellees.

———————————

**ALICE ROBIE RESNICK, J.**

**{¶ 7}** The question certified for our review is "whether the denial of an asserted statutory privilege of confidentiality is a special proceeding for purposes

———————————

1. The court of appeals, in its order granting the motion to certify the record to this court, neglected to specify which case (or cases) from another appellate district (or other districts) it found to be in conflict with its decision. Section 3(B)(4), Article IV of the Ohio Constitution provides for the certification of the record when "judgments" are in conflict, and S.Ct.Prac.R. IV(1) provides for conflicts to be certified pursuant to that provision of the Ohio Constitution. Since the "judgments" found to be in conflict must necessarily emanate from case decisions, and there must be an actual conflict before certification is proper, see *Whitelock v. Gilbane Bldg. Co.* (1993), 66 Ohio St.3d 594, 613 N.E.2d 1032, paragraph one of the syllabus, the procedure for certifying a conflict implicitly includes the requirement that the conflicting case or cases be named in the court of appeals' entry certifying a conflict.

of R.C. 2505.02 and therefore a final appealable order." For the reasons which follow, we answer the certified question in the negative. Since we find that the court of appeals was without jurisdiction to entertain the appeal, we vacate the judgment of the court of appeals and dismiss the appeal.

{¶ 8} Section 3(B)(2), Article IV of the Ohio Constitution limits appellate jurisdiction to review of judgments and final orders by providing:

"Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies."

{¶ 9} R.C. 2505.02, as relevant to this case, provides that "an order that affects a substantial right made in a special proceeding *** is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

{¶ 10} The parties appear to agree that the trial court order appealed from in this case affects a substantial right. However, to be a final appealable order, the order appealed from must first be made in a special proceeding. See *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 108, 616 N.E.2d 213, 218, fn. 8. Thus, as to the certified issue, resolution of this case turns on the special-proceeding prong of R.C. 2505.02.

{¶ 11} In *Polikoff*, we held at the syllabus that "[o]rders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02. (*Amato v. Gen. Motors Corp.* [1981], 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, overruled.)"

{¶ 12} In *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 438, 639 N.E.2d 83, 96, this court conducted the following analysis:

"Rulings by a trial court on demands for discovery (whether granting *or* denying the demand) are not orders which are final and appealable. See *State v. Lambert* [(1994)], *supra,* 69 Ohio St.3d 356, 632 N.E.2d 511, and *Horton v. Addy* (1994), 69 Ohio St.3d 181, 631 N.E.2d 123.

"Discovery orders have long been considered interlocutory. In *Klein v. Bendix-Westinghouse[Automotive Air Brake]Co.* (1968), 13 Ohio St.2d 85, 86, 42 O.O.2d 283, 284, 234 N.E.2d 587, 589, this court stated: 'The sole question for determination is whether a discovery order of a trial court is subject to immediate appellate review. We hold that it is *not*.' (Emphasis added.) In *Kennedy v. Chalfin* (1974), 38 Ohio St.2d 85, 89, 67 O.O.2d 90, 92, 310 N.E.2d. 233, 235, we stated: 'discovery techniques are pretrial procedures used as an adjunct to *** a pending lawsuit. They are designed to aid in the final disposition of the litigation, and are, therefore, to be considered as an integral part of the action in which they are utilized. They are not "special proceedings," as that phrase is used in R.C. 2505.02.' See, also, *In re Coastal States Petroleum* (1972), 32 Ohio St.2d 81, 61 O.O.2d 333, 290 N.E.2d 844; *Collins v. Yellow Cab Co.* (1952), 157 Ohio St. 311, 47 O.O. 186, 105 N.E.2d 395; and *State v. Smith* (1939), 135 Ohio St. 292, 24 O.O. 149, 20 N.E.2d 718.

"We deviated from this well-established and workable rule in *Humphry v. Riverside Methodist Hosp.* (1986), 22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877, and *State v. Port Clinton Fisheries, Inc.* (1984), 12 Ohio St.3d 114, 12 OBR 157, 465 N.E.2d 865. This deviation has caused this court and courts of appeals *** much difficulty. By overruling *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, in *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, we implicitly overruled *Humphry* and *Port Clinton Fisheries*. We now do so explicitly."

**{¶ 13}** The *Steckman* analysis culminated in paragraph seven of the syllabus:

"Discovery orders are interlocutory and, as such, are neither final nor appealable."

**{¶ 14}** The court of appeals below relied on two appellate decisions, *Niemann v. Cooley* (1994), 93 Ohio App.3d 81, 637 N.E.2d 943, and *Arnold v. Am. Natl. Red Cross* (1994), 93 Ohio App.3d 564, 639 N.E.2d 484, both of which have misinterpreted this court's decision in *Polikoff*. Since there appears to be much confusion among appellate courts as to precisely what was meant in the *Polikoff* syllabus, we will proceed to clarify that syllabus paragraph. The determining factor of *Polikoff* is whether the "action" was recognized at common law or in equity and not whether the "order" was so recognized. In making the determination courts need look only at the underlying action. The type of order being considered is immaterial. To focus on the nature of the order itself is to return to the balancing test of *Amato*. Such an approach is irreconcilable with *Polikoff* and more precisely with the above-quoted excerpt from *Steckman*. Under *Polikoff*, it is the underlying *action* that must be examined to determine whether an order was entered in a special proceeding. In the case *sub judice*, the underlying action was an ordinary civil action, seeking damages. It was recognized at common law and hence was not a special proceeding.

**{¶ 15}** Under *Steckman*, discovery orders entered in actions that are not special proceedings are interlocutory and are not immediately final or appealable. Although appellants argued to the court of appeals that the appeal from the trial court order should be dismissed on authority of *Steckman*, the court of appeals chose not to cite *Steckman* in its opinion, apparently having determined that *Steckman* was inapplicable to this case. However, *Steckman* does apply, and in fact directly answers the certified issue. The court of appeals instead relied on two appellate decisions issued before this court decided *Steckman*: *Niemann* and

6

*Arnold*. While we specifically disapprove of the reasoning in *Niemann* and *Arnold*, it was understandable for those courts of appeals to have misinterpreted *Polikoff* in light of our decision in *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 616 N.E.2d 181. However, dicta in *Bell* were expressly modified in *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331, paragraph four of the syllabus, precisely in order to eliminate such confusion. Furthermore, the *Bell* dicta were based upon the *Humphry* and *Port Clinton Fisheries* cases, which were explicitly overruled in *Steckman* as being inconsistent with *Polikoff*. This court's decision in *Bell* turned only on the "substantial right" prong of the R.C. 2505.02 inquiry. *Moskovitz*, 69 Ohio St.3d at 657, 635 N.E.2d at 347, made it clear that no special proceeding was present in *Bell*. We emphasize that the *Bell* dicta no longer provide valid support for any argument as to whether a particular order is entered in a special proceeding.

{¶ 16} Appellees claim it is manifestly unjust not to allow the trial court order in this case to be immediately reviewable. To this end, appellees make several policy arguments why the order *should* be an appealable order. Appellees appear to be inviting this court to return to the *Amato* approach in determining when exceptions should be recognized to the general policy disfavoring appeals from interlocutory orders, thereby permitting appeals from certain orders which are for all practical purposes not really final.

{¶ 17} As a consequence of *Amato*, at one time the "substantial right" prong of appealability analysis could subsume the "special proceeding" prong when a substantial enough right was involved. *Amato* encouraged a subjective view of what constituted a final appealable order that varied greatly from case to case and from court to court. In *Polikoff*, we recognized that the *Amato* approach ignored the "special proceeding" consideration specifically required by R.C. 2505.02. *Polikoff,* by overruling *Amato,* put an end to the fiction that a special proceeding

was somehow involved when a significant enough right was affected.  In *Polikoff,* we returned the analysis to where it was before *Amato*, by reviving prior decisions such as *Kennedy v. Chalfin*, 38 Ohio St.2d 85, 67 O.O.2d 90, 310 N.E.2d 233 (also discussed in our opinion in *Steckman*).  *Polikoff* recognized the dictates of the Ohio Constitution and of R.C. 2505.02.  Under those dictates, the trial court order here is simply not a final appealable order.[2]

{¶ 18} In conclusion, both *Polikoff* and *Steckman* are directly applicable to the certified issue.  It is only the underlying *action* that is to be examined to determine whether an order was entered in a special proceeding, and not the order itself which was entered within that action.  *Polikoff,* at the syllabus.  Consequently, we hold that the denial of an asserted statutory privilege of confidentiality is not a special proceeding for purposes of R.C. 2505.02, but is an interlocutory discovery order and is neither final nor appealable.  *Steckman*, at paragraph seven of the syllabus.

{¶ 19} The order of the trial court at issue in this case was not entered in a special proceeding.  It was an interlocutory order, and therefore was neither final nor appealable.  The court of appeals thus was without jurisdiction to review it and should have dismissed appellees' appeal.  For all the foregoing reasons, we vacate the judgment of the court of appeals, dismiss the appeal, and remand this matter to the trial court for further proceedings.

*Judgment vacated*

*and cause remanded.*

---

2. One option for addressing appellees' policy concerns would be for Ohio to consider modifying R.C. 2505.02.  The federal model, as set forth in Sections 1291-1292, Title 28, U.S.Code, would be one of several approaches to consider for altering R.C. 2505.02.  Another option would be to consider incorporating a "special proceeding" element into specific statutes, such as the one at issue here, which may provide the source for a privilege.  A special proceeding provision within a statute could explicitly make the denial of the particular asserted privilege a final appealable order in the appropriate situation.  In any event, appellees' policy arguments should be directed to the General Assembly rather than to this court.

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____