OPINION
Appellant Thomas Endslow appeals the June 16, 1999 Judgment Entry of the Delaware County Court of Common Pleas, Probate Division, which overruled appellant's motion to reconsider. Appellee is Jeffrey Endslow, Administrator W.W.A.
 STATEMENT OF THE CASE AND FACTS
Mary Opal Endlsow died on November 14, 1994, leaving a will bequeathing and devising her property to her children in equal shares per stirpes. In accordance with the will, the Probate Court appointed her son, Thomas Endslow, appellant herein, executor on February 7, 1995. Appellant posted a $77,680.00 bond, as required by the will. On April 14, 1995, appellant filed an inventory and appraisal, listing assets of $32,467.00 for tangible personal property and $210,000.00 for real estate. On September 12, 1995, appellant's own attorney filed an application to remove appellant as executor. The attorney alleged appellant had converted estate assets to personal use; had a conflict of interest between his administration, his financial circumstances, and his residency in the estate homestead; was in conflict with the estate heirs affecting his duties of trust; had extended the administration process for his own personal gain; and the manifest interest of the duties of trust required appellant's removal. On October 30, 1995, the heirs of the estate applied for the removal of appellant for the same reasons expressed above. On November 1, 1995, appellant filed the first account of the estate, showing assets of $264,806.70. On November 22, 1995, the trial court removed appellant as executor. Shortly thereafter, the trial court requested a local attorney become the administrator W.W.A. of the estate. The attorney declined because a pending lawsuit against the estate concerned an EPA violation on the estate property. Apparently, EPA regulations subjected the administrator to potential extensive personal liability. On January 29, 1996, the trial court appointed Jeffrey Endslow, appellant's nephew, as administrator W.W.A. The trial court specifically stated it sought a family member to be the fiduciary due to the potential for personal liability from the alleged EPA violation. On February 26, 1996, the estate was still without a final account. The administrator W.W.A. moved to compel appellant to file the final accounting. After a hearing on March 13, 1996, the trial court found appellant in contempt of court orders, committed him to the county jail and fined him $100 per day until he filed his final account. The trial court released appellant the same day and granted him until March 20, 1996 to file a final account. On March 20, 1996, the trial court conducted a second hearing and found appellant had not yet purged himself of the contempt. Accordingly, the trial court again committed appellant to the county jail and renewed the fines. With the help of a court appointed attorney, appellant filed a proper accounting on March 21, 1996. The heirs and the administrator W.W.A. filed exceptions to the final accounting. The heirs claimed appellant did not account for personal bills he incurred and charged to the estate while living on the homestead property, cash expenditures to appellant while he was in his capacity as executor, certain specific bank accounts and rental income. On January 17, 1997, the administrator W.W.A. filed an application for instructions for distribution-in-kind and sale of real and personal property. The trial court set a hearing for February 5, 1997. At that time, an agreed journal entry was filed by all parties as to will construction, power of sale property, and fraudulent transfers. The entry did not settle attorney's fees and costs imposed against appellant. On February 18, 1997, the parties entered into another agreed judgment entry which addressed the in-kind distribution of 10.020 acres of estate property to Ernest Endslow, father of the administrator and brother of appellant. The agreed judgment entry assigned a value for the property for accounting purposes in the amount of $20,040.00. On April 15, 1996, the heirs filed a complaint regarding concealed or embezzled assets against appellant pursuant to R.C. 2109.50. The court held hearings on the issue over the next year and a half. In a January 16, 1998 Judgment Entry, the trial court found appellant owed the estate $9,000 in back rent, and further found appellant responsible for $21,667.67 in charges to the estate. In a March 4, 1998 Nunc Pro Tunc Entry, the trial court corrected a mathematical error and held appellant responsible only for $20,927.67 in charges. On February 24, 1998, the administrator W.W.A. filed the fiduciaries account. The accounting specified a credit of $20,040 for "real estate of decedent (not sold)" and indicated the property was transferred to Ernest Endslow. On March 12, 1998, appellant filed exceptions to the administrator's account. Appellant had only two objections. First, appellant alleged the account failed to account for all rental income received by the administrator during the period of his administration. Second, appellant maintained certain disbursements for plumbing, carpeting and hardware supplies were either not required for the estate or not performed for the estate. There was no objection to the in-kind distribution of property to Ernest Endslow. On March 25, 1998, appellant withdrew all of his objections. Thereafter, on November 12, 1998, appellant filed a document entitled "Motions" in which appellant sought reconsideration of the trial court's February 10, 1997 Judgment Entry approving the sale of 10.020 acres of real estate as an in kind distribution to Ernest Endslow; challenged the February 24, 1998 Judgment Entry which charged appellant with responsibility for money due to the estate; sought leave to re-file exceptions to the account filed March 12, 1998; and moved the court to award him reasonable executor fees. In its Decision/Findings of Fact and Judgment Entry, filed June 16, 1999, the trial court ruled on appellant's motion to reconsider. The trial court overruled each of appellant's motions. It is from the Decision/Findings of Fact and Judgment Entry appellant prosecutes this appeal assigning the following as error:
I. THE PROBATE COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN THE FEBRUARY 18, 1997 JUDGMENT ENTRY AND THE JUNE 16, 1999 DECISION, FINDINGS OF FACT, JUDGMENT ENTRY, APPROVING THE LIKE-KIND DISTRIBUTION OF 10.020 ACRES TO ERNEST ENDSLOW, THE FATHER OF THE ADMINISTRATOR WWA, AND OVER-RULING APPELLANT'S MOTION FOR RECONSIDERATION OF THE FEBRUARY 18, 1997 JUDGMENT ENTRY APPROVING THE LIKE-KIND DISTRIBUTION TO THE FATHER OF THE ADMINISTRATOR WWA.
II. THE PROBATE COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ITS JUDGMENT ENTRY OF JANUARY 16, 1998, MARCH 4, 1998 AND JUNE 16, 1999 WHEN IT FOUND THE APPELLANT CONCEALED OR EMBEZZLED ASSETS PURSUANT TO R.C. 2109.50 AND ORDERED A HEARING FOR THE 10% PENALTY UNDER R.C. 2109.52.
As an initial matter we address whether the Judgment Entry was a final appealable order. R.C. 2505.02, which governs final appealable orders, provides in pertinent part: (A) As used in this section:
(1) "Substantial right" means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
(2) "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
(3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
(3) An order that vacates or sets aside a judgment or grants a new trial;
(4) An order that grants or denies a provisional remedy and to which both of the following apply:
(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 * * *
(D) This section applies to and governs any action, including an appeal, that is pending in any court on the effective date of this amendment and all claims filed or actions commenced on or after the effective date of this amendment, notwithstanding any provision of any prior statute or rule of law of this state.
The effective date of the statute is July 22, 1998. Accordingly, we must conduct an analysis of whether the judgment entry of a probate court, in an action for the administration of an estate, which does not dispose of the entire case, is a final appealable order. For the following reasons, we find it is not. The Ohio Supreme Court has held "orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant R.C. 2505.02." Polikoff v. Adam (1994), 67 Ohio St.3d 100, syllabus. In Walters v. The Enrichment Ctr. of Wishing Well Inc. (1997), 78 Ohio St.3d 118, the Ohio Supreme Court attempted to clarify the Polikoff syllabus stating "[u]nder Polikoff, it is the underlying action that must be examined to determine whether an order was entered in a special proceeding." Id. at 121-122. The issue of whether probate actions generally, and specific rulings within probate actions are "special proceedings" is a matter of some controversy. In two recent opinions, the Ohio Court of Appeals for the Sixth Appellate District found estate administration proceedings were not "special proceedings." In Re: The Matter of Packo (Feb. 15, 2000), Lucas App. No. L-99-1350; In Re: Adams, (Dec. 30, 1999), Ottawa App. OT-98-047. The Packo court conducted an excellent historical analysis of the final appealable order, concluding with the new definition of "special proceeding" under the 1998 amendments to R.C. 2505.02. Id. at FN1. These decisions were, in large part, based upon an Eleventh District case, In re: Estate of Pulford (1997), 122 Ohio App.3d 88. The Pulford court conducted an historical analysis of the status of will administration cases prior to 1853, and concluded the administration of estates was conducted in both common law courts and in courts of equity, and therefore part of the common law. Id. at 91-92. However, in DePugh v. DePugh (Mar. 31, 1995), Miami App. No. 94 CA 43, unreported, the Second District Court of Appeals conducts an equally laudable historical analysis which concludes proceedings related to the administrations of estates are "special proceedings." Accord: In Re: Myers (1995),107 Ohio App.3d 489, In the Matter of Knauff, (May 27, 1997), Adams App. No. 96 CA623, unreported. These cases, however, endeavored to define "special proceeding" before R.C. 2505.02 was amended. The new version contains a statutory definition while the version prior to 1998 did not. Upon a review of the record in this action, and the scholarly work of our colleagues in the Ohio Appellate Court Districts, we find the trial court's June 16, 1999 Judgment Entry was not a final, appealable order under the current version of R.C. 2505.02. Probate estate administration proceedings existed at common law and, therefore, are not special proceedings as defined in R.C. 2505.02(A)(2). Further, we find the court's order regarding the distribution of assets and its finding appellant concealed or embezzled assets are not immediately appealable as provisional remedies under R.C.2505.02(A)(3). Neither decision denies appellant a "meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C.2505.02(B).
This case is therefore ordered dismissed appellant's cost.
 ________________ READER, V.J.
By: Reader, V.J. Hoffman, P.J. and Wise, J. concur (Retired from the Fifth Appellate District, Sitting by Supreme Court Assignment).