This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Ford Motor Company has appealed from a ruling of the Summit County Court of Common Pleas, Probate Division, that ordered it to produce a letter written by its outside counsel to its in-house counsel. This Court reverses, and remands the cause for proceedings consistent with this opinion.
 I
On October 4, 2000, pursuant to Civ.R. 60(B)(5), Appellee, the guardian of Adam Matyaszek, filed a motion to vacate an April 22, 1988 judgment order of the Summit County Court of Common Pleas, Probate Division, that approved and confirmed a settlement between Matyaszek's parents and Appellant.[1] Appellant timely filed a response in opposition to Appellee's motion to vacate the judgment. Along with his motion to vacate the judgment order, and without a subpoena, Appellee mailed Appellant a request for the production of several documents.
After receiving Appellee's document request, Appellant filed a motion for a protective order. Appellant argued that the request was defective because it is a non-party and was never served with a subpoena. Appellant also argued that disclosure was improper because no action had been commenced as required under Civ.R. 34(B). Appellee responded to Appellant's motion for a protective order by alleging that by procuring a settlement Appellant was, in essence, a party. Appellee also moved to join Appellant as a party.[2]
Appellant's motion for a protective order was denied and the magistrate ordered an in camera review of the contested documents. Appellant objected to the order and filed a brief in opposition to the inspection. The trial court denied Appellant's motion, explaining the exceptions to the attorney-client privilege and asserting that an in camera inspection was necessary in this case to determine if the letter fell under the crime-fraud exception to the privilege.
After reviewing the contested letter, the magistrate found that the correspondence was "not protected" by attorney-client and/or work product privilege. The magistrate determined that while the letter did not constitute "material which was designed for an unlawful purpose or in furtherance of an unlawful end," it did substantiate the affidavit and testimony of the referee from the settlement, George Wertz, and was therefore subject to disclosure.
On January 15, 2002, the trial court denied Appellant's motion to set aside the magistrate's order providing for the inspection of documents. The trial court found that the "attorney-client privilege must yield" in this case and ordered the production of the letter. Appellant has appealed from the order, asserting three assignments of error. For ease of discussion, Appellant's assignments of error have been rearranged.
 II
As a preliminary matter, this Court must first address Matyaszek's claim that this Court lacks jurisdiction to hear this appeal. As previously discussed, the order from which Appellant has appealed compels the discovery of a letter Appellant wishes to protect. As a general rule, orders regarding discovery are interlocutory and not immediately appealable. See Walters v. The Enrichment Ctr. of Wishing Well, Inc.,78 Ohio St.3d 118, 120-121 1997-Ohio-232; State ex. Rel Steckman v.Jackson (1994), 70 Ohio St.3d 420, 438 (holding discovery orders of a trial court are not subject to immediate appellate review). Nevertheless, recent changes in the Ohio Revised Code have created several exceptions.
Appellate courts have jurisdiction to "review and affirm, modify, or reverse judgments or final orders of lower courts." Section 3(B)(2), Article IV, Ohio Constitution. An order of the trial court is final and appealable only if the requirements of R.C. 2505.02 are satisfied. R.C.2505.02(B) provides:
 "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"* * *
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4).
A "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(A)(3). Appellant has averred that the trial court erred in ordering it to produce a letter written by its outside counsel to its in-house counsel because the letter is protected by the attorney-client privilege and/or work product. The clear language of R.C. 2505.02(A)(3) shows that the order from which Appellant has appealed "grants or denies a provisional remedy." Further, this Court finds that R.C. 2505.02(B)(4)(a) and (b) apply to the order compelling the production of the privileged letter. Therefore, the trial court's order of production is appealable.
 Assignment of Error Number Three "THE PROBATE COURT ERRED AS A MATTER OF LAW IN COMPELLING PRODUCTION OF AN ATTORNEY-CLIENT PRIVILEGED LETTER WHERE NO ACTION WAS PENDING AND THE APPELLEE HAD MERELY FILED A CIVIL RULE 60(B) MOTION TO VACATE."
In his third assignment of error, Appellant has contended that Appellee is not entitled to discovery under Civ.R. 60(B). This Court agrees.
A party to a motion for relief from judgment pursuant to Civ.R. 60(B) is not entitled to the discovery of documents in order to support the motion for relief. Diversified Equities v. Finesilver (1990), 8th Dist. No. 58125, 1990 Ohio App. LEXIS 855, at 12; Federal Deposit InsuranceCorp. v. Orrico (1978), 8th Dist. No. 37060, 1978 Ohio App. LEXIS 9914, at 12-13. Further, a party to a Civ.R. 60(B) motion is "not entitled to [such] discovery during the pendency of his motion." Orrico, at *12.
"A motion for production of documents may be served `upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.' Civ.R. 34(B). Civil Rule 60(B) provides that a motion for relief from judgment `does not affect the finality of a judgment or suspend its operation.' Reading these two provisions in pari materia, it is apparent that [Matyaszek] was not entitled to the requested discovery. One cannot seek production of documents until after the commencement of an action. No action was pending in the case at bar because the previous judgment was not disturbed by the filing of a motion under Rule 60(B)." Diversified Equities, at *12-13, quoting Orrico, supra.
Based on the foregoing, this Court finds that the trial court erred in granting discovery under Matyaszek's Civ.R. 60(B) motion because said motion was insufficient to trigger the discovery provisions of the Ohio Rules of Civil Procedure. Accordingly, Appellant's third assignment of error is well taken.
 Assignment of Error Number One "THE PROBATE COURT ERRED AS A MATTER OF LAW BY COMPELLING PRODUCTION OF A LETTER PROTECTED FROM DISCLOSURE BY THE ATTORNEY-CLIENT PRIVILEGE."
 Assignment of Error Number Two "THE PROBATE COURT ERRED IN COMPELLING PRODUCTION OF AN ATTORNEY-CLIENT PRIVILEGED LETTER FROM APPELLANT WHERE APPELLANT WAS NOT A NAMED PARTY TO THE PROCEEDING AND HAD NEVER BEEN SERVED WITH A SUBPOENA DEMANDING SUCH PRODUCTION."
Appellant's first and second assignments of error are rendered moot by our resolution of Appellant's third assignment of error. App.R. 12(A)(1)(c).
 III
Appellant's third assignment of error is sustained and Appellant's first and second assignments of error are moot. The judgment of the trial court is reversed, and the cause remanded for proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
SLABY, P.J., BAIRD, J. CONCUR.
[1] While riding in his father's Ford Bronco, Matyaszek was injured in an automobile accident. No legal action was taken on behalf of Matyaszek against Appellant.
[2] The record contains no ruling on Appellee's motion to join Appellant as a party.