JOURNAL ENTRY AND OPINION
{¶ 1} K D Group Inc. appeals following a small claims proceeding in the Bedford Municipal Court, which awarded tenants Alicia and Charles Lytle attorney fees expended in pursuing the return of their rental security deposit. We dismiss this appeal for lack of a final appealable order.
 {¶ 2} The record reveals that attorney Alicia Lytle and her husband, Charles Lytle, filed a pro se small claims action in June 2003 seeking the return of their security deposit on their apartment in Warrensville Heights, plus attorney fees. In September 2003, a magistrate's decision was issued in favor of the Lytles in the amount of $558, plus ten percent interest per annum, an amount equal to double their security deposit, but denied their request for attorney fees for lack of evidence.
 {¶ 3} The Lytles filed objections to the magistrate's decision citing the failure to find individual employees of K D Group Inc. liable and the refusal to award attorney fees. In June 2004, following a hearing on the matter, the Bedford Municipal Court Judge awarded reasonable attorney fees in the amount of $1,200, plus interest at ten percent per annum, in June 2004. It is from this order that K D Group Inc. appeals in a single assignment of error which states:
{¶ 4} "The trial court erred in awarding attorney fees to prose litigants."
 {¶ 5} As an initial matter, it must be determined whether the June 1, 2004 order is a final appealable order. Absent a final order, this Court is without jurisdiction to affirm, reverse, or modify an order from which an appeal is taken. General Acc. Ins. Co. v. Insurance Co. Of NorthAmerica (1989), 44 Ohio St.3d 17, 20. R.C. 2505.02(B)(2) includes in the category of final appealable orders, "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." "Special proceeding" means an action or proceeding that is specially created by statute and that is prior to 1853 and not denoted as an action at law or a suit in equity. R.C. 2505.02(A)(2). To determine whether the order at issue was made in a special proceeding, we must examine the nature of the underlying action.Walters v. The Enrichment Ctr. of Wishing Well Inc., 78 Ohio St.3d 118,123, 1997-Ohio-232.
 {¶ 6} In the instant case, the underlying action sought to recover a rental security deposit and attorney fees under R.C. 5321.16 — an action which is specifically created by statute and governed by Civ.R. 53 due to the nature of the proceeding. Although the Magistrate's Decision, dated July 22, 2003, and not time-stamped by the Clerk of Courts, disposes of both issues, it is neither signed by the magistrate nor was it adopted by the judge in accord with Civ.R. 53(E)(4). Absent such primary procedural qualifications, the journal entry dated June 1, 2004, awarding the Lytles $1200 in attorney fees is not a final appealable order. By not adopting or modifying the magistrate's decision, the trial court did not and has not entered a final judgment regarding the proper disposition of the Lytle's security deposit claims, but has instead only resolved a portion of the original action.
 {¶ 7} Accordingly, we find that the June 1, 2004 trial court order is not a final appealable order and dismiss this appeal.
 {¶ 8} It is so ordered.
It is ordered that the parties bear their own costs herein taxed.
This court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze JR., P.J., and Gallagher, J., Concur