[Cite as *Caiazza v. Mercy Med. Ctr., Inc.*, 2012-Ohio-3940.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| MATTHEW P. CAIAZZA | : | JUDGES: |
|  | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-83 |
| MERCY MEDICAL CENTER, INC., | : |  |
| ET AL | : |  |
|  | : | O P I N I O N |
| Defendants-Appellees | | |

CHARACTER OF PROCEEDING:      Civil appeal from the Stark County Court of Common Pleas, Case No. 2011CV02682

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      August 27, 2012

APPEARANCES:

For Plaintiff-Appellant

SALLY HENNING
7296 Ashburton Circle N.W.
North Canton, OH 44720

TODD M. CONNELL
P.O. Box 782
Tallmadge, OH 44306

For Defendant-Appellee-Jennifer Jones

CRAIG G. PELINI
PAUL B. RICARD
Bretton Comons - Suite 400
8040 Cleveland Avenue N.W.
North Canton, OH 44720

For Defendants-Appellees
Mercy Medical Center
KAREN SOEHNLEN MCQUEEN
Krugliak, Wilkins, Griffiths
& Dougherty Co., LPA
4775 Munson Street N.W.
Canton, OH 44718

*Gwin, J.,*

**{¶1}** Appellant Matthew P. Caiazza ["Caiazza"] appeals the April 20, 2012 and January 20, 2012 judgment entries of the Stark County Court of Common Pleas granting appellee Mercy Medical Center, Inc. and Peter Christ ["MMC"] and appellee Jennifer Jones ["Jones"] motions to compel discovery of attorney-client communications.

STANDARD OF REVIEW

**{¶2}** This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be in sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.

**{¶3}** One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusionary decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655(10th Dist. 1983). This appeal shall be considered in accordance with the aforementioned rule.

*FACTS AND PROCEDURAL HISTORY*

**{¶4}** Caiazza filed suit against MMC and Jones following his termination from employment at MMC. Caiazza's Complaint contained causes of action for spoliation,

sex discrimination, fraud, unlawful retaliation, and aiding and abetting unlawful discrimination.

**{¶5}** MMC terminated Caiazza's employment after he admitted to touching Jones's breasts. As a result of this conduct, Caiazza received a criminal charge for sexual imposition, and eventually pled to a charge of disorderly conduct.

**{¶6}** While the criminal charge was pending, on October 20, 2010, Caiazza issued a subpoena *duces tecum* to MMC requesting "certified copies of Matthew Caiazza's and Jennifer Jones's employee and personnel records, as well as any videos and all other documentation involving the investigation of Matthew Caiazza and/or Jennifer Jones." (See Caiazza's First Amended Complaint at ¶110). It is Caiazza's allegation that MMC's response to Caiazza's subpoena *duces tecum* was incomplete and did not contain all information regarding Jones and Caiazza under MMC's control, *Id.* at ¶119. Caiazza alleges that the withheld information was vital to his ability to prevail in the then pending criminal action and that he has been harmed by the failure to provide the complete records. (Caiazza's First Amended Complaint at ¶84).

**{¶7}** On March 8, 2012, MMC filed a Motion to Compel discovery due to waiver of attorney-client privilege, or in the alternative, Motion in Limine (hereinafter referred to as "MMC's Motion to Compel"). On March 13, 2012, Jones filed a Motion to Compel discovery or, in the alternative, Motion for Summary Judgment (hereinafter referred to as "Jones's Motion to Compel").

**{¶8}** On April 20, 2012, the Trial Court below granted both Motions to Compel stating:

**{¶9}** Upon review, this Court finds that, based upon the allegations of fraud and spoliation, Caiazza apparently intends to put at issue his defense, including trial strategy, of the criminal charges resulting from the allegations asserted in this matter. As such, the Court finds that Caiazza has waived the attorney-client privilege with respect to such matters and, further, finds that Mercy and Jones are entitled to discovery in this regard. Accordingly, the Motions to Compel are, hereby, sustained and discovery shall proceed in accordance with this entry.

*ASSIGNMENTS OF ERROR*

**{¶10}** Caiazza raises one assignment of error,

**{¶11}** "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEES' MOTIONS TO COMPEL DISCOVERY."

I.

**{¶12}** The issue before this Court is whether the trial court abused its discretion in granting MMC and Jones' motions to compel. Specifically, whether the trial court abused its discretion in granting Jones' request for copies "of [Caiazza's] 'file' for his underlying criminal citation wherein he was represented by Attorney Michael Boske..." and both Jones and MMC's request "that [Caiazza] be ordered to respond to all questions poised concerning Caiazza's trial strategy, including, but not limited to discussions with Attorney Boske..." [Motion to Compel Discovery Or, In the Alternative, Motion For Summary Judgment, filed on behalf of Jennifer Jones, March 13, 2012; Motion To Compel Due to Waiver Of Attorney-Client Privilege, Or, In the Alternative, Motion in Limine, filed on behalf of MMC and Peter Christ, March 8, 2012.]

*ANALYSIS*

**{¶13}** Generally, discovery orders are not appealable. *Walters v. Enrichment Center of Wishing Well, Inc.*, 78 Ohio St.3d 118, 676 N.E.2d 890(1997). However, if the judgment orders a party to disclose allegedly privileged material, it is appealable pursuant to R.C. 2505.02(A)(3) and (B)(4). *Northeast Professional Home Care, Inc. v. Advantage Home Health Servs., Inc.*, 188 Ohio App.3d 704, 936 N.E.2d 964, 2010-Ohio-1640 at ¶ 34.

**{¶14}** In the case at bar, we are confronted with two distinct privileges concerning the information sought from Caiazza, the attorney-client privilege and the work-product privilege.

**{¶15}** "The attorney-client privilege is one of the oldest recognized privileges for confidential communications." *Swidler & Berlin v. United States*, 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379(1998). In *Jackson v. Greger,* 110 Ohio St.3d 488, 2006-Ohio-4968, 854 N.E.2d 487, the court stated, "R.C. 2317.02(A) provides a testimonial privilege—i.e., it prevents an attorney from testifying concerning communications made to the attorney by a client or the attorney's advice to a client. A testimonial privilege applies not only to prohibit testimony at trial, but also to protect the sought-after communications during the discovery process." Id. at ¶ 7, fn. 1. There are a number of well-established exceptions to the attorney-client privilege. *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 937 N.E.2d 533, 2010-Ohio-4469, ¶24–43. The privilege is not absolute, and there is no presumption of confidentiality of all communications made between an attorney and client. *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 660-661, 635 N.E.2d 331(1994). The

determination whether a communication should be afforded the cloak of privilege depends on the circumstances of each case, and the privilege must yield when justice so requires. *Lemley v. Kaiser*, 6 Ohio St.3d 258, 264, 452 N.E.2d 1304(1983).

**{¶16}** In S*quire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, the Court discussed the work-product privilege,

> The work-product doctrine emanates from *Hickman v. Taylor* (1947), 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451, in which the Supreme Court of the United States recognized that "[p]roper preparation of a client's case demands that [the attorney] assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. * * * This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways—aptly though roughly termed by the Circuit Court of Appeals in this case (153 F.2d 212, 223) as the 'Work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served."

Addressing these concerns, the work-product doctrine provides a *qualified* privilege protecting the attorney's mental processes in preparation of litigation, establishing "a zone of privacy in which lawyers can analyze and prepare their client's case free from scrutiny or interference by an adversary." *Hobley v. Burge* (C.A.7, 2006), 433 F.3d 946, 949. However, as the Supreme Court of the United States has explained, "the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system," and the privilege afforded by the work-product doctrine is not absolute. *United States v. Nobles* (1975), 422 U.S. 225, 238 and 239, 95 S.Ct. 2160, 45 L.Ed.2d 141.

Civ.R. 26(B)(3) describes the work-product doctrine as it applies in civil cases in Ohio: "Subject to the provisions of subdivision (B)(5) of this rule [relating to retained experts], a party may obtain discovery of documents, electronically stored information and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing of good cause therefor."

In *Jackson v. Greger,* 110 Ohio St.3d 488, 2006-Ohio-4968, 854 N.E.2d 487, we examined the meaning of "good cause," stating that "a showing of good cause under Civ.R. 26(B)(3) requires demonstration of need for the materials—i.e., a showing that the materials, or the information they contain, are relevant and otherwise unavailable. The

purpose of the work-product rule is '(1) to preserve the right of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (2) to prevent an attorney from taking undue advantage of his adversary's industry or efforts.' Civ.R. 26(A). To that end, Civ.R. 26(B)(3) places a burden on the party seeking discovery to demonstrate good cause for the sought-after materials.

While the protections for attorney work product provided in Civ.R. 26(B)(3) expressly apply to "documents, electronically stored information and tangible things prepared in anticipation of litigation," protection also extends to intangible work product. *Hickman,* 329 U.S. at 511, 67 S.Ct. 385, 91 L.Ed. 451; *In re Cendant Corp. Securities Litigation* (C.A.3, 2003), 343 F.3d 658, 662; *United States v. One Tract of Real Property* (C.A.6, 1996), 95 F.3d 422, 428, fn. 10; 8 Wright, Miller, Kane & Marcus, Federal Practice and Procedure (3d Ed.2009), Section 2024. The protection for intangible work product exists because "[o]therwise, attorneys' files would be protected from discovery, but attorneys themselves would have no work product objection to depositions." *In re Seagate Technology, L.L.C.* (C.A.Fed., 2007), 497 F.3d 1360, 1376.

S*quire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 937 N.E.2d 533, 2010-Ohio-4469, ¶¶54-58.

{¶17} In the case at bar, the trial court compelled copies "of [Caiazza's] 'file' for his underlying criminal citation wherein he was represented by Attorney Michael Boske..." and "that [Caiazza] be ordered to respond to all questions poised concerning Caiazza's trial strategy, including, but not limited to discussions with Attorney Boske. No evidentiary hearing was conducted, and likewise no in-camera review was undertaken. Rather, the trial court summarily compelled production finding that Caiazza has "waived" the "attorney-client" privilege; the trial court did not address the work-product privilege.

{¶18} We find that the trial court's order to be overly broad. Some of the information may be subject to a claim of work-product privilege. S*ee In re Election of November 6, 1990 for the Office of Attorney General of Ohio*, 57 Ohio St.3d 614, 615, 567 N.E.2d 243(1991) (a waiver of attorney/client privilege does not necessarily constitute a waiver under the work-product doctrine). That privilege is held by Attorney Boske. See, *In re Grand Jury*, 4th Dist. Nos. 93CA09, 93CA10, 93CA12, 1995 WL 365386(June 1, 1995); *Handguards, Inc. v. Johnson & Johnson*, 413 F.Supp.926, 929(N.D. Cal. 1976). Whether Caiazza, as opposed to his attorney, has a "file" for his underlying criminal citation is not disclosed in the record before this Court. Nor has that file, if one exits, or the file of Caiazza's attorney, been made a part of the appellate record.

{¶19} Our review reveals that the record is insufficiently developed to determine whether compelling discovery of the case file and or the answers to questions yet to be asked violated the attorney-client privilege or the work-product doctrine. Some documents and answers will undoubtedly be privileged or will be protected by the work-product doctrine, and conversely some will not. To distinguish between protected and

unprotected materials, the trial court should have, at a minimum, conducted an evidentiary hearing or undertaken an in-camera review of the case file. As the court in *Grace v. Mastruserio,* 182 Ohio App.3d 243, 912 N.E.2d 600, 2007-Ohio-3942 (1st Dist.), stated:

> A discovery order compelling disclosure of an attorney's entire case file "necessarily reveals the attorney's mental processes, thus invoking work-product protection," and consequently that file must be reviewed in camera, or an evidentiary hearing must be conducted to distinguish between discoverable and undiscoverable material. Thus, granting Mastruserio's motion to compel production of an entire case file without a review or evidentiary hearing was an abuse of discretion. The trial court was in no position to find, as it necessarily did, that the entire case file was protected neither by the attorney-client privilege nor by the work-product doctrine.
>
> When a party seeks to compel discovery of the entirety of an attorney case file, the trial court, using its broad discretion, is best suited to initially determine whether the evidence is discoverable or is protected under attorney-client privilege or the work-product doctrine, and for that determination to be a reasonable, informed, and conscionable one, the court must conduct an evidentiary hearing or perform an in camera inspection of the materials sought to be disclosed.

Id. at ¶¶39-40.

{¶20} A trial court abuses its discretion when it fails to hold an evidentiary hearing or in-camera review to analyze the requested material alleged to be work-product or attorney-client privileged. *Grace v. Mastruserio* at ¶42; *Chiasson v. Doppco Development, LLC*, 8th Dist. No. 93112, 2009-Ohio-5013, ¶16; *Estate of Hohler v. Hohler*, 185 Ohio App.3d 420, 924 N.E.2d 419, 2009-Ohio-7013, ¶56(7th Dist.).

{¶21} In the case at bar, we conclude that the trial court abused its discretion by compelling discovery of the entire case file without holding an evidentiary hearing or conducting an in-camera review.

**{¶22}** Accordingly, the sole assignment of error is sustained, in part.

**{¶23}** We reverse the order of the Stark County Court of Common Pleas compelling discovery and remand this case with directions for the trial court to conduct an evidentiary hearing or to undertake an in-camera review of the case file, and to decide which materials are protected, as well as which are unprotected, under the attorney-client privilege or the work-product doctrine. The trial court can then release that portion of the file that is directly related to Caiazza's claims for fraud and spoliation. See, S*quire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 937 N.E.2d 533, 2010-Ohio-4469, ¶¶62-63. Based upon the documents released, if any, the trial court can then instruct counsel for the parties what areas can be inquired into during any subsequent deposition of Caiazza.

By Gwin, J., and

Delaney P.J., concurs;

Hoffman, J., dissents

_____

HON. W. SCOTT GWIN

_____

HON. PATRICIA A. DELANEY

_____

HON. WILLIAM B. HOFFMAN

WSG:clw 0725

*Hoffman, J. dissenting*

**{¶24}** I respectfully dissent, in part, from the majority's opinion.

**{¶25}** While I agree the trial court should conduct an in camera review of Appellant's criminal file to prevent disclosure of irrelevant work product contained in his or Attorney Boske's file, I agree with the trial court Appellant has waived his right to assert the attorney client privilege.[1]

**{¶26}** I do so for two separate reasons. First and foremost, because the nature of Appellant's underlying claim for fraud renders the strategy behind the resolution of his criminal charge crucial to Appellee's ability to defend the charge asserted against it. I find this is the type of case where justice requires disclosure as recognized in *Lemley v. Kaiser* (1983), 6 Ohio St.3d 258.

**{¶27}** Second, I believe Appellant's partial disclosure of his conversation with Attorney Boske operates as a waiver of the privilege.

**{¶28}** I would affirm the trial court's judgment.

_____

HON. WILLIAM B. HOFFMAN

---

[1] I find the majority's conclusion some answers will **undoubtedly** be privileged or protected work product premature even given their proposed disposition of this issue. (Majority Opinion at 19).

[Cite as *Caiazza v. Mercy Med. Ctr., Inc.*, 2012-Ohio-3940.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

MATTHEW P. CAIAZZA                    :
                                      :
           Plaintiff-Appellant        :
                                      :
                                      :
-vs-                                  :          JUDGMENT ENTRY
                                      :
MERCY MEDICAL CENTER, INC., ET AL     :
                                      :
                                      :
           Defendants-Appellees       :          CASE NO. 2012-CA-83


        For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Stark County Court of Common Pleas, Ohio, is reversed and remanded to the trial

court for further proceedings in accordance with our opinion and the law. Costs to be

divided equally between the parties.


                                         _____
                                         HON. W. SCOTT GWIN


                                         _____
                                         HON. PATRICIA A. DELANEY


                                         _____
                                         HON. WILLIAM B. HOFFMAN