[Cite as *Dawson v. Ohio Gratings, Inc.*, 2021-Ohio-2028.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JAMES DAWSON, et al. | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiffs-Appellees | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2020CA00179 |
| OHIO GRATINGS, INC. et al. | |
| Defendants-Appellants | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Stark County Court of Common Pleas, Case No. 2019-CV-01997 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 15, 2021 |

APPEARANCES:

For Plaintiffs-Appellees

MARIO GAITANOS
PETER GAITANOS
437 Market Avenue, North
Canton, Ohio 44702

Bureau of Workers' Compensation

EDWARD TO SAADI
970 Windham Ct., Suite #7
Boardman, Ohio 44512

For Defendants-Appellants

CRAIG G. PELINI
Pelini, Campbell & Williams, LLC
8040 Cleveland Avenue, NW – Ste. #400
North Canton, Ohio 44720

*Hoffman, J.*

**{¶1}** Defendant-appellant Ohio Gratings, Inc. ("OGI") appeals the December 1, 2020 Judgment Entry entered by the Stark County Court of Common Pleas, which granted plaintiffs-appellees James Dawson, et al.'s motion to compel production of an accident investigation report.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On March 12, 2018, Appellee James Dawson (hereinafter "Dawson") sustained serious injuries while operating an electric powered Bliss C-75 Connecting Bar Press, owned and maintained by his employer, OGI. The Bureau of Workers' Compensation Safety Violations Investigation Unit conducted an investigation, which revealed a guard on the Bar Press had been removed, and, as a result, Dawson's left hand was crushed and three of his fingers were amputated.

**{¶3}** The Bureau of Workers' Compensation ("BWC") ultimately ruled Dawson was entitled to workers' compensation benefits. On July 22, 2019, OGI filed an appeal to the trial court from the Industrial Commission's order allowing Dawson's claim for benefits (Stark County Court of Common Pleas Case No. 2019 CV 01208). During a discovery deposition in Case No. 2019 CV 01208, Danielle Sanders, who was the corporate paralegal for OGI's in-house legal counsel at the time of the accident and is currently OGI's human resources generalist, testified, following a work-related injury, OGI requires the injured employee and his/her supervisor complete an accident investigation report. February 3, 2020 Deposition of Danielle Sanders at 15. The completed report is placed in the injured employee's workers' compensation file. *Id.* at 21. Sanders could not recall seeing the report following Dawson's accident. *Id.* at 22.

**{¶4}** Attorney Mario Gaitanos, counsel for Appellees, requested he be provided with a copy of the accident investigation report. Attorney Tod Morrow, counsel for OGI in Case No. 2019 CV 01208, indicated the report could be accessed through the BWC online document system. When Attorney Gaitanos advised Attorney Morrow the accident investigation report was not in the BWC online claim file, Attorney Susan Chae, co-counsel for OGI, stated she would get if for him, adding, "[i]t's all online." *Id.* at 24. Later, Attorney Morrow stated, "everything in the file is on file with the BWC except these documents which we've withheld based on privilege." *Id.* at 33. The accident investigation report was never provided to Appellees.

**{¶5}** On October 3, 2019, Appellees filed a complaint for personal injury and loss of consortium against OGI. During discovery, Appellees requested OGI produce the accident investigation report. OGI objected, arguing the report was prepared at the specific request of its personal litigation counsel; therefore, privileged. On November 2, 2020, Appellees filed a motion to compel production of the accident investigation report. OGI filed a memorandum in opposition on November 16, 2020. Appellees filed a reply in response to OGI's memorandum on November 19, 2020.

**{¶6}** Via Judgment Entry filed December 1, 2020, the trial court granted Appellees' motion to compel and ordered OGI to produce the accident investigation report on or before December 15, 2020.

**{¶7}** It is from this judgment entry OGI appeals, raising as its sole assignment of error:

THE TRIAL COURT ERRED IN ORDERING DEFENDANT/APPELLANT OHIO GRATINGS, INC. TO PRODUCE A COPY OF THE ACCIDENT INVESTIGATION REPORT WHICH WAS PROTECTED BY ATTORNEY-CLIENT PRIVILEGE AND/OR WORK PRODUCT.

I.

**{¶8}** Generally, discovery orders are not immediately appealable. *Walters v. Enrichment Center of Wishing Well, Inc.,* 78 Ohio St.3d 118, 676 N.E.2d 890 (1997). However, if the judgment orders a party to disclose allegedly privileged material, it is appealable pursuant to R.C. 2505.02(A)(3) and (B)(4).  *Northeast Professional Home Care, Inc. v. Advantage Home Health Servs., Inc.,* 188 Ohio App.3d 704, 936 N.E.2d 964, 2019-Ohio-1640 at ¶ 34.  Because a trial court has broad discretion over discovery matters, a reviewing court reviews these rulings only for an abuse of discretion. *State ex rel. Duncan v. Middlefield*, 120 Ohio St.3d 313, 2008–Ohio–6200, 898 N.E.2d 952, ¶ 27. Accordingly, this Court will not reverse a trial court's decision on a motion to compel absent an abuse of discretion.  *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 692 N.E.2d 198.

**{¶9}** OGI maintains the accident investigation report is protected under the doctrines of attorney-client privilege and attorney work product and the trial court erred in ordering the report to be produced.

**{¶10}** The main purpose behind the attorney-client privilege is to promote " 'full and frank communication between attorneys and their clients and thereby promote

broader public interests in the observance of law and the administration of justice'." *Griffith v. Aultman Hosp.*, 5th Dist. Stark No. 2017CA0004, 2017-Ohio-8293, ¶ 44 citing *Boone v. Vanliner Ins. Co.* (2001), 91 Ohio St.3d 209, 210, 744 N.E.2d 154, fn. 2, quoting *Upjohn Co. v. United States* (1982), 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584. On the other hand, "[t]he purpose of the work-product rule is '(1) to preserve the right of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (2) to prevent an attorney from taking undue advantage of his adversary's industry or efforts.' Civ.R. 26(A). To that end, Civ.R. 26(B)(3) places a burden on the party seeking discovery to demonstrate good cause for the sought-after materials." *Jackson v. Greger*, 110 Ohio St.3d 488, 2006–Ohio–4968, 854 N.E.2d 487, ¶ 16. Although both the attorney-client privilege and the work-product doctrine might often apply to the same material, the protections do not overlap completely. See, *In re Election of Nov. 6, 1990 for the Office of Atty. Gen. of Ohio* (1991), 57 Ohio St.3d 614, 615, 567 N.E.2d 243.

**{¶11}** Privileges are to be strictly construed and "[t]he party claiming the privilege has the burden of proving that the privilege applies to the requested information." *Griffith*, supra at ¶ 46 quoting *Giusti v. Akron Gen. Med. Ctr.*, 178 Ohio App.3d 53, 2008–Ohio–4333, 896 N.E.2d 769, at ¶ 17.

**{¶12}** During a discovery deposition in Case No. 2019 CV 01208, the following exchange occurred between Attorney Gaitanos and Danielle Sanders, the corporate paralegal for OGI's in-house legal counsel at the time of the accident, regarding the accident investigation report:

Q. Now, when someone gets injured on a job, in most manufacturing settings, any type of setting, there's an accident report that's filled out by the injured worker and by their supervisor. Would you agree with that?

A. Yes.

Q. Is that a policy that you guys also have? When I say you guys, Ohio Gratings has?

A. Yes.

Q. Was there an accident report that was prepared by Mr. Dawson in this case?

A. I honestly do not know if we did an accident report. We should have, and it would have been correct to have done so, but I did not review it, so I can't say right now in my memory that I saw it.

Q. Okay. I wasn't provided a copy of it. Did you do a search in determining whether there was an accident report?

A. Not recently, no, I have not done a search, no.

Q. Is there a supervisor's report for this accident?

A. It would all be one report. So if we have it, it would all be together, and I do not know from my memory if we have it.

* * *

A. There was an individual, Jeff Nixdorf, who would have helped conduct the accident investigation, and our former HR business partner, Norma Schaub.

* * *

Q. And he was responsible in conducting the accident investigation?

A. Yes.

Q. And did you have an opportunity to see that accident investigation?

A. No.

Q. Do you know where that accident investigation is at?

A. I know where it should be.

Q. Where is it?

A. It should be in the file.

* * *

Q. Personnel file?

A. No. In the workers' comp file.

Q. How many pages was this written accident investigation report?

A. Our standard accident report I believe is approximately seven pages.

Q. Now, you're saying that's the standard accident report. And is that on a preprinted form?

A. Yes.

Q. In Mr. Dawson's injury, involving Mr. Dawson's injury, and do you know when that took place?

A. March of 2018.

Q. In fact, it was March 12, 2018. Was the accident investigation report more than seven pages?

A. It was the same report.

Sanders Depo. at 15-16, 20-21, 22.

{¶13} We find OGI failed to meet its burden of establishing the attorney-client privilege applied to the accident investigation report. The accident investigation report existed prior to the filing of the instant action. The attorney-client privilege cannot shield the report from production merely because it was ultimately provided to Attorney Morrow during the workers' compensation proceedings.

{¶14} We further find the work product privilege does not extend to the accident investigation report. We find Sanders' deposition testimony is sufficient to support a determination the accident investigation report was prepared in the ordinary course of OGI's business.

{¶15} Based upon the foregoing, we find the trial court did not abuse its discretion in granting Appellees' motion to compel.

{¶16}  OGI's sole assignment of error is overruled.

{¶17}  The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Baldwin, P.J.  and

Delaney, J. concur