[Cite as *Haile v. Detmer Sons, Inc.*, 2022-Ohio-2891.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| NATNAEL HAILE INDIVIDUAL, et al. | : | |
| | : | |
| Plaintiffs-Appellants | : | Appellate Case No. 29371 |
| | : | |
| v. | : | Trial Court Case No. 2018-CV-6002 |
| | : | |
| DETMER SONS INC., et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 19th day of August, 2022.

. . . . . . . . . .

RICHARD W. SCHULTE, Atty. Reg. No. 0066031 & STEPHEN D. BEHNKE, Atty. Reg. No. 0072805, 865 South Dixie Drive, Vandalia, Ohio 45377 & DENNIS MULVIHILL, Atty. Reg. No. 0063996, 23240 Chagrin Boulevard, Suite 620, Cleveland, Ohio 44122
      Attorneys for Plaintiffs-Appellants

JOHN C. ALBERT, Atty. Reg. No. 0024164, 500 South Front Street, Suite 1200, Columbus, Ohio 43215
      Attorney for Defendants-Appellees

. . . . . . . . . . . .

LEWIS, J.

**{¶ 1}** Plaintiffs-Appellants Natnael Haile, individually and as administrator of the Estate of Mulumebit Dejene, and Yonathan Haile (collectively, "Haile") appeal from an order of the trial court granting a motion to compel filed by Defendants-Appellees Detmer & Sons, Inc. ("Detmer") and Scot J. Olson. For the reasons stated below, we reverse the order of the trial court and remand the cause for further proceedings consistent with this Opinion.

I.    Facts and Course of Proceedings

**{¶ 2}** On December 30, 2017, Natnael Haile's mother, Mulumebit Dejene, contacted Detmer, a heating, ventilation, and air conditioning company, about servicing her gas furnace, because it was not working properly. Detmer sent a technician, Scot J. Olson, to Ms. Dejene's residence to service the furnace. The technician arrived just after midnight, completed the service call, and left. Ms. Dejene went to bed and died later that morning due to carbon monoxide poisoning.

**{¶ 3}** Haile subsequently hired two experts to inspect the furnace area of Dejene's residence. John Holecek, a consulting, non-testifying expert, inspected the furnace area on January 15, 2018, and Scott Downs, a testifying expert, inspected the furnace area on February 16, 2018.

**{¶ 4}** Haile commenced a wrongful death action against Detmer and several other unknown defendants on December 31, 2018. Appellees Detmer and Olson's expert first had an opportunity to inspect the furnace area on July 1, 2019. In December 2019, Haile filed an amended complaint against Detmer, Olson, and several other defendants. Haile

alleged claims for wrongful death, negligence, products liability, loss of consortium, and negligent infliction of emotional distress.

{¶ 5} During discovery, Haile disclosed the identity of its testifying expert, Scott Downs, and noted that there also was a consulting, non-testifying expert who examined the furnace area at Ms. Dejene's residence on January 15, 2018. But Haile would not provide any additional discovery related to this consulting expert, claiming the consultant's work was protected from discovery. After a telephone conference with the trial court, Detmer and Olson filed a motion to compel the disclosure of Haile's "consulting expert, production of said experts' data, file, photographs, and for deposition if necessary." December 16, 2021 Motion to Compel. According to the motion, exceptional circumstances existed that warranted disclosure of the consulting expert's work product, because Haile's testifying expert witness, Downs, "changed the 'as found' status of the furnace, and Plaintiffs refuse to provide significantly relevant and probative data and information about the furnace prior to * * * Downs' destructive testing and operation of the furnace on February 6, 2018." *Id.* at 6.

{¶ 6} Haile opposed the motion to compel, contending that the testing by Downs was non-destructive in nature and that the consulting expert did not turn on or otherwise touch the furnace and only conducted a visual and photographic inspection. January 11, 2022 Response to Motion to Compel. Haile attached an affidavit of John Holecek to the response. This appears to be the first time Haile revealed to Detmer and Olson the identity of Haile's consulting expert. In his affidavit, Holecek stated, in part:

> I traveled to Dayton and arrived at Ms. Dejene's home on January

15, 2018. During this visit I conducted a visual and photographic inspection of the home, including a room in the basement that contained the furnace and water heater. * * * During this inspection I did not turn on the furnace, water heater, or any other appliance. I did not touch any of these appliances, either, except for what may have been incidental to taking photographs.

{¶ 7} On January 12, 2022, the trial court granted the motion to compel the disclosure of Haile's consulting expert. Haile filed a timely notice of appeal. On February 16, 2022, we issued a show cause order instructing Haile to address whether the trial court's January 12, 2022 order was final and appealable pursuant to R.C. 2505.02. Following briefing by the parties, we concluded that this appeal could proceed.

II. The Trial Court Abused Its Discretion By Granting A Motion To Compel The Production of The Entire Work Product of A Consulting, Non-testifying Expert Without First Holding An In Camera Review or Evidentiary Hearing

{¶ 8} Haile's sole assignment of error states:

THE LOWER COURT ABUSED ITS DISCRETION WHEN IT ORDERED PRODUCTION OF MATTERS RELATED TO APPELLANTS' CONSULTING EXPERT.

{¶ 9} Haile contends that the trial court abused its discretion by ordering the production of its consulting expert's work product, because both Downs and Holecek had

already stated in sworn affidavits that they did not touch the flame rollout switch and there was "no evidence that breaching the consulting expert privilege would help determine whether Scott Downs reset or triggered the flame rollout switch when he turned on the furnace." Haile's Appellate Brief, p. 6. Further, Haile argues that the trial court should have held an in camera inspection before ordering the production of all documents and should have limited any discovery to matters related to the flame rollout switch. *Id.* at 14-15.

{¶ 10} Detmer and Olson respond that Haile's disclosed, testifying expert changed the "as found" status of the furnace, which necessitated a review of the file of the consulting expert, who viewed the heater prior to when the testifying expert viewed it. Brief of Appellees, p. 11. Further, Detmer and Olson note that Haile missed the opportunity to request an in camera inspection when Haile filed the response in opposition to the motion to compel. *Id.* at 13. Finally, Detmer and Olson contend that Haile waived any attorney work product protection regarding the consulting expert by attaching an affidavit of the consulting expert to their response to the motion to compel. *Id.* at 14.

{¶ 11} Before reviewing the trial court's decision, we must determine which standard of review we should apply. "Ordinarily, a discovery dispute is reviewed under an abuse-of-discretion standard. However, if the discovery issue involves an alleged privilege, * * * it is a question of law that must be reviewed de novo." (Citations omitted.) *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶ 13.

{¶ 12} The work product doctrine precludes discovery of the mental impressions,

conclusions, opinions, strategies, and legal theories, both tangible and intangible, generated or commissioned by counsel in anticipation of litigation or preparation for trial. *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, ¶ 56-60. The consulting expert "privilege" is a subset of the work product doctrine. An expert consultant's work product — the expert consultant's knowledge of the facts, opinions, theories, and legal conclusions — is part of the work product of the attorney who retained the expert. As a part of its limits on discovery, Civ.R. 26(B) sets forth protections from discovery for both attorney work product and the work product of experts. "In Ohio, protection for an attorney's work product is codified in Civ.R. 26, which notably recognizes work product as separate from privileged matters." *Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, ¶ 18. Consequently, we will review the trial court's ruling under the abuse of discretion standard reserved for general discovery disputes rather than the de novo standard applied to disputes over privileged matters. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 13} The general rule is that the work of a consulting, non-testifying expert is protected from discovery requests of the opposing party. In particular, Civ.R. 26(B)(7)(h) provides, in part: "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called

as a witness at trial." The purpose of this rule is threefold: (1) to promote fairness by preventing one party from building his own case by using the other party's expert report; (2) to prevent a party from benefitting by using the effort expended and costs incurred by the opposing party; and (3) to allow counsel to obtain necessary, expert advice without the fear that every consultation with an expert will yield benefit to the opposing party. *Roach v. Hughes*, W.D. Ky. No. 4:13CV-00136-JHM, 2015 WL 13022807, *4 (Jan. 8, 2015), citing *Ferrell v. Liberty Mut. Group, Inc.*, E.D. Ky. No. 7:12-112, 2014 U.S. Dist. LEXIS 97721, *7 (July 18, 2014).

{¶ 14} But a party may overcome the prohibition against discovery of a non-testifying expert by "showing exceptional circumstances under which, it is impracticable for the party to obtain facts or opinions on the same subject by other means." Civ.R. 26(B)(7)(h)(ii). "A party seeking discovery of facts or opinions held by a non-testifying consulting expert bears the burden of showing exceptional circumstances." *Hartford Fire Ins. Co. v. Pure Air On The Lake Ltd.*, 154 F.R.D. 202, 207-08 (N.D.Ind.1993).

{¶ 15} " 'Courts have interpreted exceptional circumstances to mean that the party cannot obtain equivalent information from another source.' " *Precision of New Hampton, Inc. v. Tri Component Prods. Corp.*, N.D. Iowa No. C12-2020, 2013 WL 2444047, *3 (June 5, 2013), citing *In re Shell Oil Refinery*, 132 F.R.D. 437, 442 (E.D.La.1990). Exceptional circumstances also exist where circumstances precluded all but one of the parties' experts from gaining a first hand observation of the condition of a site before the condition of the site changed. *Precision* at *3, citing *Delcastor, Inc. v. Vail Assocs., Inc.*, 108 F.R.D. 405, 409 (D.Colo.1985).

{¶ 16} In its decision granting Detmer and Olson's motion to compel, the trial court concluded that it was "particularly persuaded that the consulting expert possesses essential information from a key period of time in the investigation that no other expert or witness is able to provide." January 12, 2022 Decision, p. 3. The trial court made this determination without conducting an evidentiary hearing or an in camera review of the consulting expert's file and work product. Further, the trial court granted the motion to compel without any limitations. As noted above, the motion to compel sought the broad disclosure of Haile's "consulting expert, production of said experts' data, file, photographs, and for deposition if necessary."

{¶ 17} Generally, where there is a dispute over whether a consulting expert's file contains information protected from discovery as work product, the trial court should conduct an evidentiary hearing or an in camera review of the file before ordering its production to the opposing party. As the Fifth District has explained:

> Our review reveals that the record is insufficiently developed to determine whether compelling discovery of the case file and or the answers to questions yet to be asked violated the attorney-client privilege or the work-product doctrine. Some documents and answers will undoubtedly be privileged or will be protected by the work-product doctrine, and conversely some will not. To distinguish between protected and unprotected materials, the trial court should have, at a minimum, conducted an evidentiary hearing or undertaken an in-camera review of the case file.

*Caiazza v. Mercy Med. Ctr., Inc.*, 5th Dist. Stark No. 2012-CA-83, 2012-Ohio-3940, ¶ 19.

{¶ 18} We are similarly persuaded by the holding in *Grace v. Mastruserio*, 182 Ohio App.3d 243, 2007-Ohio-3942, 912 N.E.2d 608 (1st. Dist.). There, the First District was faced with reviewing the trial court's decision to grant a former attorney's motion to compel discovery, which led to the production of the entire divorce file, including the successor attorney's case file. In reversing the trial court's decision, the First District explained:

A discovery order compelling disclosure of an attorney's entire case file "necessarily reveals the attorney's mental processes, thus invoking work-product protection," and consequently that file must be reviewed in camera, or an evidentiary hearing must be conducted to distinguish between discoverable and undiscoverable material. * * * Thus, granting [the] motion to compel production of an entire case file without a review or evidentiary hearing was an abuse of discretion. * * * The trial court was in no position to find, as it necessarily did, that the entire case file was protected neither by the attorney-client privilege nor by the work-product doctrine.

When a party seeks to compel discovery of the entirety of an attorney case file, the trial court, using its broad discretion, is best suited to initially determine whether the evidence is discoverable or is protected under attorney-client privilege or the work-product doctrine, and for that determination to be a reasonable, informed, and conscionable one, the court must conduct an evidentiary hearing or perform an in camera

inspection of the materials sought to be disclosed.

(Citations omitted.)  *Id.* at ¶ 39-40.

{¶ 19} By not holding an evidentiary hearing or in camera review prior to ordering disclosure of a non-testifying expert's work product, the trial court increased the likelihood that information would be disclosed that should have been protected from disclosure by Civ.R. 26.   Further, by failing to hold an evidentiary hearing or in camera review, the trial court foreclosed us from effectively reviewing its decision to compel the production of information that is normally protected from disclosure.   Upon the record before us, we must conclude that the trial court abused its discretion by granting Appellees' motion to compel without first holding an evidentiary hearing or performing an in camera review of the materials sought to be disclosed.   *Mastruserio.*   The sole assignment of error is sustained.

{¶ 20} Although we are reversing the trial court's decision, the parties are not without responsibility.   For example, Haile could have sought an in camera review by the trial court rather than waiting to broach the issue for the first time on appeal.   And both parties could have pushed for an evidentiary hearing during which they could have better addressed whether exceptional circumstances actually existed that warranted the production of materials normally protected from disclosure by the work product doctrine. Finally, as noted by Detmer and Olson, there is an open question whether the affidavit of the consulting expert attached to Haile's response to the motion to compel may have resulted in a waiver of the protection normally afforded to the work product of a consulting, non-testifying expert.   But the trial court has not had an opportunity to directly address

that argument, and we do not believe it is appropriate for us to address that in the first instance.


III.     Conclusion

**{¶ 21}** Having sustained Haile's assignment of error, the trial court's decision is reversed, and the cause is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .



DONOVAN, J. and WELBAUM, J., concur.


Copies sent to:

Richard W. Schulte
Stephen D Behnke
Dennis Mulvihill
John C. Albert
James H. Greer
Matthew M. Suellentrop
Glay Guise
John J. Olson
Hon. Kimberly Melnick